# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 19-1406V
### Filed: October 25, 2024

| | |
|---|---|
| JOSEPH FILIPOVICH,<br><br>                    Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Special Master Horner |

*David John Carney, Green & Schafle LLC, Philadelphia, PA, for petitioner.*
*Mark Kim Hellie, U.S. Department of Justice, Washington, DC, for respondent.*

### <u>DECISION ON ATTORNEYS' FEES AND COSTS</u>[1]

On September 12, 2019, petitioner filed a petition under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10, *et seq.* (2012) (the "Vaccine Act").[2]  (ECF No. 1.)  Petitioner alleged that he suffered a shoulder injury related to vaccine administration ("SIRVA") as a result of a September 14, 2016 influenza ("flu") vaccination.  (*Id.*)  A decision was issued on December 27, 2023, awarding damages to petitioner based on a stipulation filed by the parties.  (ECF Nos. 58-59.)  On January 29, 2024, petitioner filed a final motion for attorneys' fees and costs.  (ECF No. 64.)  Petitioner requests a total of $75,712.51, including $64,471.50 for attorneys' fees and $11,241.01 for costs.  (*Id.* at 3.)  Additionally, petitioner requests $7,643.96, including $6,678.50 for attorneys' fees and $965.46 in costs, payable to petitioner and Larkin Hoffman Law Firm; and $6,611.35, including $5,655.00 in attorneys' fees and $956.35 in costs, payable to petitioner and SiebenCarey, P.A., for work performed by petitioner's

---

[1] Because this document contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the document will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] Within this decision, all citations to § 300aa will be to the relevant sections of the Vaccine Act at 42 U.S.C. § 300aa-10, *et seq.*

prior counsel.  (*Id.* at 4.)  "[P]etitioner has not incurred any fees or costs related to the prosecution of this [p]etition."  (*Id.* at Ex. 3.)

On February 12, 2024, respondent filed a response to petitioner's motion.  (ECF No. 65.)  Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 requires respondent to file a response to a request by a petitioner for an award of attorneys' fees and costs."  (*Id.* at 1.)  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  (*Id.* at 2.)  Respondent requests "that the [c]ourt exercise its discretion and determine a reasonable award for attorneys' fees and costs."  (*Id.* at 3.)

It is "well within the special master's discretion" to determine the reasonableness of fees.  *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521-22 (Fed. Cir. 1993); *see also Hines ex rel. Sevier v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs.").  The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs*, 515 F.3d 1343, 1347 (Fed. Cir. 2008).  This is a two-step process.  *Id.* at 1347-48.  First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  *Id.* at 1348.

Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Such applications should not include hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  Attorneys' costs must be reasonable as well.  *See Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (1992) ("The conjunction 'and' conjoins both 'attorneys' fees' and 'other costs' and the word 'reasonable' necessarily modifies both. Not only must any request for reimbursement of attorneys' fees be reasonable, so also must any request for reimbursement of costs."), *aff'd*, 33 F.3d 1375 (Fed. Cir. 1994).  Special masters can reduce a fee request *sua sponte*, without providing petitioners notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).

The undersigned has reviewed the billing records submitted with petitioner's request.  (ECF No. 64; Exs. 1, 4A, 4C.)[3]  In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or rates.  The undersigned has also reviewed the cost records submitted with

---

[3] Petitioner used duplicative exhibit designations for the attachments to the motion.  The exhibits cited herein refer to the exhibits accompanying petitioner's motion.

petitioner's request.  (ECF No. 64; Exs. 2, 4B, 4D.)  The undersigned finds the costs to be reasonable.

**Accordingly, the undersigned awards the following:**

- **A lump sum of $75,712.51 in the form of a check jointly payable to petitioner and petitioner's counsel, Green & Schafle, LLC;**

- **A lump sum of $7,643.96 in the form of a check jointly payable to petitioner and the Larkin Hoffman Law Firm; and**

- **A lump sum of $6,611.35 in the form of a check jointly payable to petitioner and SiebenCarey, P.A.**

The clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

<u>**s/Daniel T. Horner**</u>
Daniel T. Horner
Special Master

---

[4] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.